IN RE ESTATE OF LOVE: WATTERS, APPELLANT, *v.* LOVE, ADMR., ET AL., APPELLEES.

[Cite as Watters v. Love, Admr., 1 Ohio App. 2d 571.]

572

(No. 7728—Decided March 23, 1965.)

*Mr. Richard W. Riggs,* for appellant.
*Mr. A. Glenn McClelland,* for appellee Alvin A. Love, ancillary administrator.
*Mr. Richard Harold Slemmer,* for appellee Richard Harold Slemmer, guardian ad litem.

RUTHERFORD, P. J. The appellant herein, W. Robinson Watters, having been employed by the ancillary administrator, in Ohio, of the estate of Melvin T. Love, deceased, filed application with the Probate Court, under the provisions of Section 2113.36, Revised Code, to have the court fix reasonable attorney fees to be paid as a part of the expenses of administration. Application was also made for allowance of necessary expenses.

The Probate Court ordered the proceeding referred to a general referee for hearing and examination under the provisions of Section 2315.37, Revised Code.

Hearing was held before the referee who filed a statement of facts found, his conclusions of law and his decision.

The bill of exceptions certified by the referee shows the proceedings before the referee consisted of the testimony of Mr. Watters and three other witnesses. The only exhibit attached

is the application of Mr. Watters for determination of reasonable attorney fees and expenses to be reimbursed, which application contains thirty pages. Mr. Watters testified that the application set forth the time expended and the nature of the services performed and to be performed, except as to future services which in the application were estimated at 122 hours. On hearing, he testified that his estimate for future services would be 250 hours.

The estate file was not offered or admitted as an exhibit at the hearing before the referee, and, from the referee's finding of facts and conclusions of law, it appears that he attempted to base his determination upon hours stated by the applicant to have been expended.

In the application and exhibits attached as a part thereof, Mr. Watters showed the following:

In re ordinary services alleged.

| | | |
|---|---|---|
| Exhibit A. Time expended and services performed and to be performed in ordinary processing relating to the ancillary administration | 258 | hrs. |
| In re extra-ordinary services alleged. | | |
| Exhibit B. Services necessary in determining the rights of surviving spouse | 110½ | hrs. |
| Exhibit C. Litigation arising from exceptions to the inventory and appraisement filed by widow | 148¼ | hrs. |
| Exhibit D. Services relating to performance of contract to sell real estate | 50 | hrs. |
| Exhibit E. Litigation in Ohio to cancel antenuptial agreement | 69 | hrs. |
| Exhibit F. Litigation in Florida for declaratory judgment as to antenuptial agreement | 219¼ | hrs. |
| Total allotted to alleged extraordinary services | 597 | hrs. |
| Total for all services performed, both ordinary and extraordinary | 855 | hrs. |
| Estimate of services to be performed | 122 | hrs. |
| Total services performed and estimated for future | 977 | hrs. |

In re expenses.

| | | |
|---|---|---|
| Exhibit G. Telephone Calls | | $ 237.63 |
| Court costs advanced | | $ 34.25 |
| Travel expenses to Florida | | |
| 1st trip | $ 195.87 | |
| 2nd trip | 231.70 | |
| | | |
| Total for travel expenses | | $ 427.57 |
| | | |
| Total expenses | | $ 699.45 |

Mr. Watters stated in the application that his standard regular rate for professional services was $25 an hour, and that for travel time he charged less, and for some services, more.

Except for the transfer of real estate in accordance with land contract, which may or may not have involved extraordinary services, all the extraordinary services claimed arise from a dispute over the validity of an antenuptial agreement. The exceptions to the inventory and appraisal upon which Mr. Watters alleges to have expended 148¼ hours result from this agreement. The services of 110½ hours alleged to be necessary in determining the rights of surviving spouse result from this agreement. Services alleged in litigation in Ohio in action to cancel antenuptial agreement in the amount of 69 hours arise from the same source, and, likewise with services in litigation in Florida, the domiciliary state, for declaratory judgment as to antenuptial agreement, in the amount of 219¼ hours.

As to this agreement, concerning the ramifications of which Mr. Watters alleges he expended a total of 547 hours, a settlement was finally arrived at, the final negotiations being handled by another attorney who asked and was paid $3,000 from the estate for his services. This settlement, which provided for a cash payment and the putting of an agreed sum in trust with the income to the widow for life and the principal upon her death to be disposed of under the provisions of the will of the decedent, settled the matters then being litigated.

The general referee in his report made the following finding of facts:

"The application, with affidavit and exhibits, is a model of

clarity and clearness, covers thirty pages, and shows a total of 597 hours of time expended and expected to be expended in complete administration of this estate. There is also a transcript of costs advanced, consisting of long distance telephone tolls, court costs, and travel expenses. The total out of pocket expenses amount to $427.57.''

Actually the application filed was not as clear as the referee's statement would indicate or as the figures hereinbefore set forth would indicate. It contained a recapitulation of the exhibits, which was incomplete and misleading.

Whereas the referee's report finds that the application shows a total of 597 hours of time expended and expected to be expended, as hereinbefore set forth, the application in fact shows 855 hours of time expended and 122 hours of time estimated to be expended. Also, instead of showing $427.57 expenses as stated by the referee, it shows $699.45.

Having pointed out the referee's error in findings as to what the application showed, we point to the greater error of failing to make the proper finding of fact. Merely to erroneously state what the application showed was to quote testimony rather than to make a finding. It was the referee's duty to make a finding of facts upon consideration of all the evidence rather than to set forth what the application stated. In regard to time, he should consider the extent to which the time expended was reasonably expended toward the end of a proper administration of the estate. Time expended and skill often bear a relation to each other, and in some cases time alleged to have been expended may reflect a discredit upon the amount of skill exercised, or vice versa.

Upon an erroneous finding based upon what the application stated, the referee then reached the following conclusion of law:

''By extending the total amount of 597 hours by twenty-five, we arrive at a figure of something more than $25,000—.''

This computation contains mathematical error. 597 hours at $25 an hour equals only $14,925.

Based upon his erroneous computations and findings the referee then made an award of $25,000 for services expended and to be expended, rather than an award of $14,925, which would be the correct calculation were we to use his figures. Also,

he considered $427.57 to be the expenses, although actual expenses were $699.45.

Motions and exceptions were filed to the referee's award following which the Probate Court Judge of his own motion put on an order setting the application pending for counsel fees payable to W. Robinson Watters for oral hearing, in which order he stated:

"The purpose for this oral hearing is to dispose of the various motions, applications, etc., which have been filed to the report of the referee, Daniel F. Carmack, and to resolve all such into a judgment of this court."

We do not have a bill of exceptions from which we can determine the evidence presented at this oral hearing held before Judge Van Heyde.

Following the hearing, Judge Van Heyde filed an opinion and then a journal entry from which we quote:

"The court, in making its review and considerations of this matter, has considered all of the various proceedings filed to date of said referee's report. In addition, the court further considers the exceptions on behalf of W. Robinson Watters, acting through his counsel for an order requiring immediate approval and filing of the bill of exceptions and reports of the referee.

"The court upon review and consideration of all matters herein, adopts and confirms the finding of fact made by its general referee as well as the conclusions of law except as related to the value of the services of said attorney.

"In its considered judgment and exercise of sound discretion, the court does consider the value of the said attorney's services to the date of hearing before the general referee to be seventeen thousand five hundred dollars ($17,500.00)."

We find error in this entry, which is apparent upon its face without the necessity of a bill of exceptions:

First, because in making a redetermination of reasonable value, it adopts and confirms findings of fact and conclusions of law made by the general referee, which as we have herein pointed out were erroneous.

Second, because from the wording of the entry the court states that its determination has been made upon its considered judgment and exercise of sound discretion, omitting any refer-

ence to the requirement that the determination of reasonable value be upon the evidence.

We can not make a determination as to whether the allowance of $17,500 would be against the manifest weight of the evidence had the determination been made in a proper manner. The error is one of law, arising from the improper manner in which it appears from the record that a determination was made.

W. Robinson Watters is not correct in his contention that because a witness testified as an expert the court is bound by his testimony. Section 2113.36, Revised Code, vests in the Probate Court the exclusive jurisdiction to determine the ultimate question of what constitutes reasonable attorney fees paid by an executor or administrator to be allowed as a part of the expenses of administration. See *In re Estate of Murnan*, 151 Ohio St. 529. That case involved compensation of a fiduciary but its holding would have equal application to a determination of attorney fees.

A Probate Court Judge is required by Section 2101.02, Revised Code, to have been admitted to practice as an attorney at law in this state for a period of at least six years immediately preceding his election, or to have previously served as a probate judge immediately prior to his election. It is our finding that he is qualified to make a determination, upon evidence, of reasonable attorney fees to be paid from the estate without the necessity of expert testimony. Expert testimony may, however, be presented. If it is presented the credibility of the testimony of such witness and weight to be given it is for the court to determine. In the instant case the testimony of one of the experts was much too speculative to be of value, as shown by the following excerpts from his testimony:

"In the determination of a reasonable attorney fee in this case I find there are a long series of assumptions and imponderables that are difficult to state without importing a very large measure of opinion.

"Now based upon that premise I have an opinion * * *."

"* * * depending upon facts which I am conversant with, this could set up another dispute. It carries with it the seeds of more trouble.

"I also have a vision of a possible dispute with the state

tax people about the rates of tax to be applied to the, shall I say the putative widow, or surviving spouse. This may cause some problem. I am sure there are others."

The other witness who testified as an expert said he examined the file that morning, and he gave an opinion in answer to a hypothetical question based upon an assumption among others that the statements contained in Mr. Watters' application are true. The court may not have found the assumptions to be true, in which case the opinion would be of no weight, otherwise it would be for the court to weigh along with all the other testimony.

Exclusive jurisdiction to fix reasonable fees being in the Probate Court, appeal can only be upon questions of law, no other court having jurisdiction to determine such fees *de novo*. Even when the appeal is on questions of law the Court of Appeals can not modify such judgment on the weight of the evidence and render final judgment for such modified amount; but if the judgment is against the manifest weight of the evidence or contrary to law, it must remand the cause to the Probate Court for further proceedings. See *In re Estate of Murnan*, 151 Ohio St. 529, paragraph two of the syllabus.

Where a judicial determination is required to fix the amount of attorney fees to be paid out of the estate, the determining factor is the reasonable value of the services, and this determination cannot be arrived at in a controverted case solely by the application of a predetermined formula of percentages of inventory values. See *In re Estate of Hickok*, 159 Ohio St. 282, at page 284.

Neither is the file alone sufficient evidence to justify an award of fees for extraordinary services in a controverted case. Reasonable attorney fees must be based upon the actual services performed by the attorneys and upon the reasonable value of those services as determined from the evidence which must substantiate the award of fees as being reasonable. See *In re Estate of Verbeck*, 173 Ohio St. 557.

Fees which are reasonable must be reasonable both from the standpoint of the attorney rendering the services and from the standpoint of the estate out of which payment is being made. The ultimate determination of reasonableness must take into consideration all the factors relating to reasonable-

ness of the fees in the particular case. The facts and circumstances vary so much from case to case that it is impossible to set forth an iron-clad rule other than the one that reasonable value must be substantiated by the evidence in each case.

Exclusive original jurisdiction to determine reasonable attorney fees being in the Probate Court, the only questions before the Court of Appeals on appeal on questions of law are whether the judgment awarding fees is against the manifest weight of the evidence or contrary to law. If either against the manifest weight of the evidence or contrary to law, final judgment of modification cannot be rendered on reversal, but the cause must be remanded to the Probate Court for further proceedings according to law.

For want of a proper bill of exceptions we are unable to determine whether the award herein is against the manifest weight of the evidence, but for error in the manner of determination, which as we have set forth appears from the record, the judgment of the Probate Court is reversed as being contrary to law, with this cause to be remanded for further proceedings according to law.

*Judgment reversed and cause remanded.*

McLaughlin and Van Nostran, JJ., concur.

Rutherford, P. J., McLaughlin and Van Nostran, JJ., of the Fifth Appellate District, sitting by designation in the Tenth Appellate District.