JAMES ET AL., APPELLANTS AND CROSS-APPELLEES, *v.* THERMAL MASTER, INC., APPELLEE AND CROSS-APPELLANT.

(No. 88AP-296—Decided September 27, 1988.)

*Stephen E. Maher,* for appellants.

*Crabbe, Brown, Jones, Potts & Schmidt* and *James A. Meaney,* for appellee.

BRYANT, J. Plaintiffs-appellants, Bob James and Betty James, appeal from a judgment of the Franklin County Court of Common Pleas which awarded appellants $750 in attorney fees pursuant to R.C. 1345.09(F). Plaintiffs set forth one assignment of error:

"The Court abused its discretion in its award of attorney fees under The Ohio Consumer Sales Practices Act, where Appellants met all three preconditions to an award of fees, but the Court awarded only 17% of the amount requested, by giving undue weight to the amount in controversy and the amount of the jury verdict."

On September 3, 1986, plaintiffs filed a complaint in the Court of Common Pleas of Franklin County alleging that defendants, Thermal Master, Inc. and Trans-Ohio Bank, had violated the Ohio Consumer Sales Practices Act (R.C. Chapter 1345) and related federal Acts. Plaintiffs voluntarily dismissed Trans-Ohio Bank, and the case proceeded to trial against Thermal Master, Inc. While plaintiffs sought an award of actual damages in the amount of $3,000, the jury returned a verdict of $200 in statutory damages. Nonetheless, as prevailing parties, plaintiffs sought $4,455 in attorney fees pursuant to R.C. 1345.09 (F).

Following defendant's response to plaintiffs' application for attorney fees, the trial court considered the motion and determined that plaintiffs' application for reimbursement of 59.4 hours at $75 an hour was excessive under the facts of the case. More particularly, the trial court acknowledged that the court may award to the prevailing party "a reasonable attorney fee limited to the work

reasonably performed"; and although the trial court felt that counsel had "very adequately and completely prepared for the trial and represented their clients in a very professional manner," the court found the request for attorney fees in excess of $4,000 to be inappropriate in light of the amount in controversy and the jury verdict of $200. Instead, the court considered the three-day trial as well as the plaintiffs' limited success in terms of a monetary judgment, and awarded $200 per day for trial time and an additional $150 in trial preparation, for a total of $750 to be paid by defendant.

Unsatisfied with the amount of the award, plaintiffs have appealed to this court. In response, defendant sets forth a single assignment of error on cross-appeal:

"The trial court abused its discretion in awarding attorney fees to appellants when the jury awarded appellants nominal damages only."

Inasmuch as both assignments of error question the amount of attorney fees awarded by the trial court, we address jointly both plaintiffs' assignment of error and defendant's assignment of error on cross-appeal.

Pursuant to R.C. 1345.09(F), a court:

"* * * may award to the prevailing party a reasonable attorney's fee limited to the work reasonably performed, if either of the following apply:

"(1) The consumer complaining of the act or practice that violated this chapter has brought or maintained an action that is groundless, and the consumer filed or maintained the action in bad faith;

"(2) The supplier has knowingly committed an act or practice that violates this chapter."

Moreover, R.C. 1345.11(A) adds an additional factor for the trial court's consideration in determining the propriety of an award of attorney fees:

"* * * [I]f a supplier shows by a preponderance of the evidence that a violation resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid the error, no civil penalties shall be imposed against the supplier under division (D) of section 1345.07 of the Revised Code, no party shall be awarded attorney's fees, and monetary recovery shall not exceed the amount of actual damages resulting from the violation."

Plaintiffs assert that, inasmuch as they have met the three prerequisites to an award of attorney fees, this court need only assess the propriety of the amount of fees awarded by the trial court. More specifically, plaintiffs contend that they are the prevailing parties by virtue of the jury's award of $200; and that the jury interrogatories support a finding that defendant knowingly committed a. violation of R.C. Chapter 1345 and that defendant's error was not bona fide, notwithstanding the maintenance of procedures reasonably adopted to avoid the error.

The record is devoid of support for some of plaintiffs' contentions. Not only does the record contain no transcript of the proceedings before the trial court, but it also lacks the jury's responses to the special interrogatories. Hence, while the record supports plaintiffs' jury verdict in the amount of $200, plaintiffs' contentions relative to the other two prerequisites to an award of attorney fees, allegedly supported by the jury interrogatories, are undocumented in the record. Nonetheless, neither party seems to contest that plaintiffs have met the three-pronged threshold necessary to activate the attorney fees provision of R.C. 1345.09(F). Accordingly, we consider herein the propriety of the trial court's exercise of its discretion in awarding $750 in attorney fees in this matter.

Plaintiffs assert that the trial court erred in giving undue weight to the amount in controversy as well as the amount of the jury verdict. Initially, we note that R.C. 1345.09(F) specifically places the award of attorney fees within the discretion of the trial court by stating: "[t]he court *may* award to the prevailing party a reasonable attorney's fee * * *." (Emphasis added.) Further, pursuant to that same section, the amount of the attorney fee is "limited to the work *reasonably performed* * * *." (Emphasis added.)

The trial court determined that the counsel to the case had "very adequately and completely prepared for the trial and represented their clients in a very professional manner * * *." However, the competence of counsel's performance is not the sole inquiry under R.C. 1345.09(F). Rather, the work reasonably performed must be not only reasonably well performed, but also reasonably necessary under the facts and circumstances of the case. See *Bierlein* v. *Alex's Continental Inn, Inc.* (1984), 16 Ohio App. 3d 294, 302, 16 OBR 325, 333, 475 N.E. 2d 1273, 1283. In this instance, the trial court properly determined that given the facts of the case, the amount of the jury's award of damages in the minimal amount of $200,[1] and the actual amount in controversy, plaintiffs'

counsel had performed more services than reasonably necessary to properly represent his clients.[2]

Further, guidelines for determining the reasonableness of attorney fees, set forth in the Code of Professional Responsibility, support the trial court's analysis. More particularly, DR 2-106(B) states in part:

"(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.

"(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

"(3) The fee customarily charged in the locality for similar legal services.

"(4) The amount involved and the results obtained.

"(5) The time limitations imposed by the client or by the circumstances.

"(6) The nature and length of the professional relationship with the client.

"(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.

"(8) Whether the fee is fixed or contingent."

As clearly set forth in these guidelines, the amount in controversy and the final outcome are factors which

---

[1] See R.C. 1345.09(B), which states:

"Where the violation was an act or practice declared to be deceptive or unconscionable by rule adopted under division (B)(2) of section 1345.05 of the Revised Code before the consumer transaction on which the action is based, or an act or practice determined by a court of this state to violate section 1345.02 or 1345.03 of the Revised Code and committed after the decision containing the determination has been made available for public inspection under division (A)(3) of section 1345.05 of the Revised Code, the consumer may rescind the transaction or recover, but not in a class

action, three times the amount of his actual damages or two hundred dollars, whichever is greater, or recover damages or other appropriate relief in a class action under Civil Rule 23, as amended."

[2] Indeed, the record reflects that at least a portion of the services rendered by plaintiffs' counsel was in response to defendant's motion to compel discovery. The trial court granted the motion, and in fact awarded attorney fees against plaintiffs for failure to comply with defendant's discovery request.

may be used to determine reasonable attorney fees.

In short, in determining whether an attorney's work has been reasonably performed for purposes of R.C. 1345.09(F), the court must consider factors including the amount in controversy and the amount of the verdict. Since the facts and circumstances of each case vary, no inflexible rule is possible other than that the reasonableness of attorney fees must be supported by the evidence of the case. See *Watters* v. *Love* (1965), 1 Ohio App. 2d 571, 30 O.O. 2d 595, 206 N.E. 2d 39. Given that we have no transcript in the case before us, we have no evidence to suggest that the trial court improperly weighed those factors; the record simply contains no evidence to support an award contrary to that made by the trial court.

Plaintiffs suggest that this court should use this case as a vehicle to send a message that private enforcement of the Consumer Sales Practices Act, R.C. Chapter 1345, remains a viable alternative to Attorney General enforcement of that Act. However, it is the legislature's function to send messages, and it has done so to the extent it deems appropriate by virtue of the language of R.C. 1345.09(F). To the contrary, our task is to interpret the language of that statute; and, in the case before us, we cannot say that the trial court's order contradicts the evidence in failing to award a greater amount of attorney fees to plaintiffs herein pursuant to R.C. 1345.09(F).

In response to defendant's assignment of error on cross-appeal, we also cannot say that the trial court abused its discretion in awarding attorney fees at all in this matter. Once the three-pronged prerequisites to an award of attorney fees are met, the matter lies within the sound discretion of the trial court to award attorney fees to the extent supported by the evidence.

Nothing set forth by defendant herein suggests that the trial court abused its discretion in awarding plaintiffs $750 in attorney fees.

Based on the foregoing, we overrule both the plaintiffs' single assignment of error, as well as defendant's assignment of error on cross-appeal, and affirm the judgment of the trial court.

*Judgment affirmed.*

WHITESIDE, P.J., and HAYES, J., concur.

JERRY L. HAYES, J., of the Portage County Court of Common Pleas, sitting by assignment in the Tenth Appellate District.