**In re ESTATE OF ZIECHMANN.**

[Cite as *In re Estate of Ziechmann* (1989), 63 Ohio App.3d 717.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 55623.

Decided Aug. 7, 1989.

718

*Matthew Gilmartin,* for appellants.

*Rippner, Schwartz & Carlin* and *Linda Gebauer Mayer,* for appellee Charlotte Adomaitis.

*Paynter & Kohler* and *John E. Kohler,* for the trustee.

---

THOMAS J. PARRINO, Judge.

In Cuyahoga County Common Pleas Court, Probate Division, case No. 892,441, Charlotte Adomaitis, Executrix of the Estate of F. Karl Ziechmann, sought approval of various applications for authority to pay attorney fees and expenses. The record reflects the value of decedent's gross estate was approximately $270,000. Fees and costs were originally allowed to a total of $56,269.37. Three supplemental applications for attorney fees and costs totalling $34,775.87 were disallowed by the trial court. Subsequently, Adomaitis appealed the denial of these three supplemental applications for attorney fees to this court. In case No. 52847, this court reversed and remanded the cause with instructions for the trial court to consider the reasonableness of the attorney fees in light of *In re Estate of Verbeck* (1962), 173 Ohio St. 557, 20 O.O.2d 163, 184 N.E.2d 384, and *Swanson v. Swanson* (1976), 48 Ohio App.2d 85, 2 O.O.3d 65, 355 N.E.2d 894; *In re Estate of Ziechmann* (1987), 41 Ohio App.3d 214, 535 N.E.2d 374. Upon remand, the executrix presented a fourth supplemental application requesting fees and costs totalling an additional $15,270.44 for prosecution of the appeal in case No. 52847. The trial court subsequently granted the executrix an additional $50,046.31 represent-

ing the total costs and fees outlined in all four supplemental applications.[1] The trial court's judgment entry granting all supplemental applications for attorney fees was journalized March 28, 1988.

The beneficiaries of a testamentary trust formed from some of the assets of decedent's estate filed a timely notice of appeal.

The trust beneficiaries' assignments of error follow:

"I. The probate court abused its discretion when it awarded the entire executrix's request for attorney fees even though the executrix failed to seek attorney fees in the actions against her personally and in the estate's minimal participation other [*sic* ] collateral litigation during the administration of the estate.

"II. The court committed an error when it failed to take into account as a factor in awarding the executrix attorney fees the ratio of the amount of total attorney fees to the amount of the gross estate."

The trust beneficiaries' assignments of error lack merit.[2]

The determination by a probate court of attorney fees surrounding the administration of an estate will not be reversed absent a showing the award is against the manifest weight of the evidence or contrary to law. *Ollick v. Rice* (1984), 16 Ohio App.3d 448, 456, 16 OBR 529, 537, 476 N.E.2d 1062, 1072. Furthermore, allocation of payment of attorney fees is within the sound discretion of the probate court. See Local R. 40.1; R.C. 2113.36. In addition, the ultimate determination of reasonableness must take into consideration all factors relating to reasonableness in a particular case. *In re Estate of Love* (1965), 1 Ohio App.2d 571, 30 O.O.2d 595, 206 N.E.2d 39.

Initially, reference should be made to DR 2–106(B), which lists factors to be considered in determining reasonableness. See *Swanson v. Swanson, supra,* 48 Ohio App.2d at 90, 2 O.O.3d at 68–69, 355 N.E.2d at 898.

DR 2–106(B) provides:

"A fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee. Factors to be considered as guides in determining the reasonableness of a fee include the following:

---

**1.** No error is assigned with respect to the issue of whether a trial court can award attorney fees for prosecution of an appeal of the trial court's denial of attorney fees and, therefore, that issue will not be addressed by this court.

**2.** The trustee of the testamentary trust, without filing a notice of appeal, filed a brief setting forth identically worded, including typographical errors, assignments of error on appeal. The trustee's brief was stricken by separate journal entry.

"(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.

"(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

"(3) The fee customarily charged in the locality for similar legal services.

"(4) The amount involved and the results obtained.

"(5) The time limitations imposed by the client or by the circumstances.

"(6) The nature and length of the professional relationship with the client.

"(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.

"(8) Whether the fee is fixed or contingent."

In the case *sub judice,* the trial court conducted a hearing at which the attorneys for the executrix presented evidence indicating (1) the executrix and her attorneys were responsible for saving or adding over $100,000 to the estate through litigation and general administration, and (2) the estate and the executrix, in her capacity as executrix, were subject to a plethora of legal actions filed by the beneficiaries of the testamentary trust. The outcome of these suits were all favorable to the executrix and/or the estate. In addition, the estate for a time was ordered by the court to participate in a partition suit involving trust assets. The record reflects there were ten separate actions filed regarding the executrix or the estate which proceeded through varying stages of litigation over a period beginning prior to commencement of administration of the estate and lasting over six years. The beneficiaries and the trustee of the testamentary trust declined to present any evidence at the hearing on attorney fees.

Although the attorney fees awarded represent approximately forty percent of the estate assets, under the circumstances the probate court did not abuse its discretion in granting the applications for attorney fees based upon the uncontested evidence before the court including detailed itemized lists of costs and fees. The record reflects the trial court considered the factors enumerated in DR 2–106 and followed the law. Furthermore, since no conflicting evidence was presented and the evidence was both competent and credible, the award was not against the manifest weight of the evidence. See *Seasons Coal Co., Inc. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 411–412, 461 N.E.2d 1273, 1276.

Accordingly, the beneficiaries' assignments of error are not well taken and are overruled.

*Judgment affirmed.*

Ann McManamon, C.J., and Viet, J., concur.

THOMAS J. PARRINO, J., retired, of the Eighth Appellate District, and HANS R. VIET, J., of the Court of Common Pleas of Geauga County, sitting by assignment.