**In re ESTATE OF SCHAFFER.**

[Cite as *In re Estate of Schaffer* (1995), 101 Ohio App.3d 620.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 16887.

Decided March 8, 1995.

*Arthur Axner,* for appellants.

*Mary Margaret Rowlands,* for appellee.

SLABY, Judge.

Appellants, beneficiaries of the estate of Virginia Schaffer, appeal from a Summit County Probate Court order that approved attorney fees in the amount of $12,226.33 as expenses of administration to be paid out of the estate. Appellants argue that the evidence was insufficient to establish that the attorneys performed the services and that the fees were reasonable. We disagree and affirm.

Attorney Mary Margaret Rowlands represented appellee, the estate of Virginia Schaffer, on behalf of Donald Schaffer, administrator with the will annexed. Since the will of the decedent was first probated, the administration of the estate was plagued by acrimony between the administrator and his siblings, the appellants.

This enmity precipitated extraneous litigation which involved exceptions by appellants to the inventory and to the schedule of claims. Specifically, the litigation involved the estate's claimed ownership of a motor vehicle and bank account, both of which were titled in the decedent's name; the rejection of a claim for reimbursement of funeral expenses that were paid by appellants out of life insurance proceeds; and the allowance of other claims and payments made by the administrator, including the claim for attorney fees that are in issue on this

appeal. It was finally determined that the car and bank account, although titled in decedent's name, were not properly assets of the estate. Appellants were also entitled to reimbursement for the funeral expenses paid. The results from the exceptions to the schedule of claims were mixed: some scheduled expenses were approved and others denied.

The attorney fees were approved after an evidentiary hearing before a referee. At the hearing, Attorney Rowlands submitted fee statements that detailed the nature of the professional services rendered by her and her firm, by whom they were rendered, the time expended, and the date of the service. A statement for the services of another attorney, McCune, who was hired to handle an arbitration in which Attorney Rowlands was to appear as a witness, was also submitted. Attorney Rowlands's fee statements were not formally identified at the hearing; she did state to the court that the statements were records of what she had done on behalf of the estate. Attorney McCune testified during the hearing in regard to the services performed by him. Attorney John Adams testified as an expert about the reasonableness of the requested attorney fees.

The referee recommended allowance of attorney fees as requested in the total amount of $12,226.33. Objections to the referee's report were overruled by the trial court and the referee's recommendations were adopted. In response to a motion by appellants pursuant to Civ.R. 52, the trial court issued findings of fact and conclusions of law. On appeal, appellants argue together four interrelated assignments of error; we also address these errors together.

### Assignments of Error

"1. The trial court erred as a matter of law in its order which awards attorney fees for this estate proceeding in the amount of $12,226.33.

"2. The award of attorney fees in this estate proceeding in the amount of $12,226.33 is against the manifest weight of the evidence.

"3. The award of attorney fees in the amount of $12,226.33 is clearly an excessive fee in violation of DR 2-106.

"4. The trial court erred in its holding that the applicant for attorney fees did not have the responsibility of testifying and thereby establishing both the actual services performed by her and the reasonable value of such services.".

R.C. 2113.36 states, in pertinent part:

"When an attorney has been employed in the administration of the estate, reasonable attorney fees paid by the executor or administrator shall be allowed as a part of the expenses of administration. The court may at any time during administration fix the amount of such fees and, on application of the executor or administrator or the attorney, shall fix the amount thereof."

■ The statute reposes exclusive jurisdiction in the probate court to determine whether a fee is "reasonable." *In re Estate of Love* (1965), 1 Ohio App.2d 571, 577, 30 O.O.2d 595, 598–599, 206 N.E.2d 39, 44–45. To determine reasonableness, the court may look to the guidelines set forth in DR 2–106(B) and to any other factors relevant to the particular circumstances of the case. *In re Wood* (1977), 55 Ohio App.2d 67, 73–74, 9 O.O.3d 225, 228–229, 379 N.E.2d 256, 260–261, citing *Love,* 1 Ohio App.2d at 578, 30 O.O.2d at 599, 206 N.E.2d at 45. The burden lies upon the attorney to "introduce into the record sufficient evidence of the services performed and of the reasonable value of such services." *In re Estate of Verbeck* (1962), 173 Ohio St. 557, 559, 20 O.O.2d 163, 164, 184 N.E.2d 384, 385.

Appellants argue that the failure of Attorney Rowlands to testify at the hearing precluded an award of fees as a matter of law. They also argue that the court made findings of fact that were not corroborated by the evidence and that the court failed to consider all relevant factors in its determination that the fees requested were "reasonable." Appellees disagree with each of appellants' contentions and point out that appellants did not introduce any evidence contradicting the time records or the reasonableness of the fees.

■ First, we agree with appellants that the time records of Attorney Rowlands were not properly authenticated at the hearing. Were this an uncontested matter, an unsworn certification would have been sufficient proof of the reliability of the time records submitted so as to enable the court to reach a determination of fees based upon its own expertise. See *In re Estate of Secoy* (1984), 19 Ohio App.3d 269, 273–274, 19 OBR 439, 443–445, 484 N.E.2d 160, 164–165; Loc.R. 40.1(E) of the Court of Common Pleas of Summit County, Probate Division. Where, however, objections or exceptions to the fees have been made and an evidentiary hearing is held, an attorney must ensure that the evidence to be considered by the court in its determination of fees is "introduced into the record" pursuant to the Ohio Rules of Evidence. Appellee's counsel failed to properly identify or authenticate her time records under Evid.R. 901 when she submitted them to the court. The court's consideration of these records constituted error.

Nevertheless, under the circumstances presented in the record, we do not find that the failure of appellee to identify her fee statements constitutes reversible error. First, Attorney John Adams, who testified as an expert, made considerable reference to Rowlands's fee statements in the course of his testimony; appellants lodged no objection. Attorney Adams further testified that nothing that he reviewed gave him any concern over the validity of the time reported and that the fees were reasonable. Second, Attorney Rowlands, though not testifying during her case-in-chief, answered questions from appellants' counsel and the

court. *At appellants' suggestion,* Attorney Rowlands was *not* sworn in prior to the questioning. Attorney Rowlands did state, "My application for fees in this case is my statement as to what I did." Appellants' attorney was also given the specific opportunity to cross-examine Rowlands on the fee statements, but he did not do so. Finally, appellants' counsel did not object to the fee statements on the grounds that they were unsworn, but because of an alleged lack of prior notice and because Attorney Rowlands had not testified to the reasonableness of the services rendered. These objections were properly overruled, where appellants were given the opportunity to cross-examine Attorney Rowlands and Attorney Adams testified to the reasonableness of the fees.

These circumstances lead us to conclude that the error committed is not reversible because appellants' counsel invited the error and because the error was not prejudicial. Under the "invited error" doctrine, a party cannot complain of an error that he has invited the court or his opponent to make. 5 Ohio Jurisprudence 3d (1978) 97, Appellate Review, Section 543 *et seq.,* cited in *Ctr. Ridge Ganley, Inc. v. Stinn* (1987), 31 Ohio St.3d 310, 313, 31 OBR 587, 589–590, 511 N.E.2d 106, 108–109. Moreover, pursuant to Civ.R. 61, this court may not reverse the trial court unless a substantial right is affected and substantial justice served. *Leichtamer v. Am. Motors Corp.* (1981), 67 Ohio St.2d 456, 474–475, 21 O.O.3d 285, 296–297, 424 N.E.2d 568, 581–582; *State ex rel. Avellone v. Bd. of Commrs. of Lake Cty.* (1989), 45 Ohio St.3d 58, 62, 543 N.E.2d 478, 482.

In the instant case, identification of the documents was made by Attorney Rowlands; but for counsel's gratuitous waiver of the oath requirement, that identification would have been made through sworn testimony. Counsel invited the error. In addition, the unsworn statement combined with the record and the expert testimony, as well as the absence of conflicting evidence, constituted sufficient indicia of reliability for the court to determine that the contents of the fee statements accurately reflected legal services performed on behalf of the estate. The error was not prejudicial. We hold, therefore, that the failure of appellee to formally identify her fee statements through sworn testimony or to otherwise authenticate the statements was not reversible error under the circumstances of this case.

■ Appellants also argue that the court could not have reviewed the transcript of the hearing prior to issuing its order adopting the referee's recommendations, nor could it have considered whether the fee was "excessive" under DR 2–106. These arguments are made notwithstanding the court's specific reference to DR 2–106 and the factors listed therein, as well as the court's statement that its decision was based upon "the testimony and the evidence presented in the record." We find appellants' arguments to be unpersuasive.

There was substantial evidence in the record that accords with the probate court's determination that the fees requested in this case were reasonable. The trial court relied upon the testimony of appellee's expert that, although an inordinate amount of time was spent by the attorneys for the estate, the time spent was reasonable and necessary to the proper administration of the estate; that the estate became complex because of the animosity between the parties who contested and litigated all the steps taken in the administration; that the rates charged were appropriate for the Akron area; and that the decision to delegate work to paralegals was proper. Appellants do not point to any specific evidence that controverted Attorney Adams's expert opinion that these fees were reasonable.

Nor do we agree that the comparison between the amount of funds left in the estate to be distributed, $11,500, and the amount of the fees awarded, $12,226, required the conclusion that the award was excessive. Attorney Adams took into consideration the fact that the fees exceeded the amount of funds remaining in the estate, but this factor alone did not change his opinion. The court weighed the evidence, considered all of the factors listed in DR 2–106, and came to the conclusion that the fees were not excessive.

We note that the appellate courts of Ohio, including this court, have applied two different standards of review to cases involving attorney fees. On the one hand, it has been said that an award of attorney fees will not be reversed absent the trial court's abuse of discretion. See, *e.g., In re Estate of Alberts* (Mar. 16, 1988), Summit App. No. 13346, unreported, at 5, 1988 WL 34567, citing *In re Estate of Whitmore* (1983), 13 Ohio App.3d 170, 171, 13 OBR 205, 205–206, 468 N.E.2d 769, 770. On the other hand, it has been said that an award of attorney fees will not be reversed unless it is against the manifest weight of the evidence or is contrary to law. See, *e.g., In re Estate of Sardi* (Dec. 14, 1988), Lorain App. No. 4345, unreported, at 5–6, 1988 WL 134250; *In re Estate of Ziechmann* (1987), 41 Ohio App.3d 214, 217, 535 N.E.2d 374, 377–378. We decline at this time to determine which of these standards is appropriate because the award of fees in this case must be affirmed regardless of which standard of review is applied. The decision in this case was neither against the manifest weight of the evidence nor was it an abuse of discretion.

Appellants' assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

DICKINSON, J., concurs.

REECE, P.J., dissents.