{¶ 39} I must dissent, for I believe the trial court's ruling was proper in all respects. As stated by the Supreme Court of Ohio, the burden is upon the lawyer requesting fees to present evidence that the fees are reasonable.[4] In the instant matter, the trial court was in the best position to determine the reasonable value of the services rendered. It is not a mathematical formula, but more like a weighing exercise.
 {¶ 40} As noted by the Tenth District Court of Appeals:
 {¶ 41} "`Under both the disciplinary rules and the extensive case law,[5] time expended is only one of the factors to be considered. The value of services may be greater or less than that which would be reflected by a simple multiplication of the hourly rate by time expended. We think that in divorce cases, as in probate cases, "to employ the time clock method alone as the test for legal services would certainly be improper and result in completely inadequate fees in large estates and disproportionately high fees in modest ones."'"[6]
 {¶ 42} The Tenth District continued:
 {¶ 43} "We find that there is an implied duty on the part of the attorney, based upon the Code of Professional Responsibility set forth by the Ohio Supreme Court, to keep account of the time involved in the matter under consideration for the determination of the reasonableness of the fee. Time is one factor in such guidelines where there is no contract between the attorney and client. * * * Although a trial court is by law experienced as stated in the Love case,[7] the trial court, as stated by the Supreme Court in the Verbeck case,[8] must base the fee determination upon evidence adduced and cannot substitute its own knowledge for evidence."[9]
 {¶ 44} In short, I believe the attorney involved in this matter provided the trial court adequate evidence of the time involved but the trial court "disagreed" as to the reasonable value of those hours. That is the trial court's job, and I would affirm the order.
[4] In re Estate of Verbeck (1962), 173 Ohio St. 557, 559.
[5] See annotation 57 A.L.R.3d 475.
[6] (Emphasis in original.) In re Wood (1977), 55 Ohio App.2d 67, 74, quoting Swanson v. Swanson (1976), 48 Ohio App.2d 85, 91.
[7] Watters v. Love (1965), 1 Ohio App.2d 571.
[8] In re Estate of Verbeck, supra.
[9] In re Wood, 55 Ohio App.2d at 75.