OPINION
{¶ 1} Appellants, Blake Gerber, the duly appointed executor of the Estate of Sandra L. Born, deceased (hereinafter, "executor"), and Jerry Eichenberger, the attorney representing the estate (hereinafter, "Attorney Eichenberger"), appeal the judgment of the Franklin County Court of Common Pleas, Probate Division (hereinafter, "probate court"), in which that court denied the executor's March 30, 2006 application for attorney fees. *Page 2 
 {¶ 2} We glean the following facts and procedural history from the record. On April 12, 2003, Sandra L. Born died testate, having designated her three adult children as heirs. Her husband, the executor, who is not the natural or adoptive father of the decedent's children, opened the estate on May 15, 2003.
 {¶ 3} On June 11, 2004, the probate court approved an application for attorney fees filed that day, in the amount of $4,337.50. According to the application, this sum represented fees earned for Attorney Eichenberger's work in the administration of the estate to that date. The record reveals that Attorney Eichenberger had prepared the paperwork necessary to open the estate, including the Inventory, obtained notice waivers from those entitled to notice, filed an estate tax certificate, and distributed the household goods and the intangible personal property, leaving only an automobile and a small amount of cash remaining in the fiduciary's hands. On June 14, 2004, the first account was filed, evidencing that $4,900 remained in the fiduciary's hands. Included within the list of disbursements was the amount of attorney fees approved three days earlier.
 {¶ 4} No exceptions having been filed, the probate court approved the first account by entry journalized on July 26, 2004. In a June 17, 2004 status letter, Attorney Eichenberger advised the probate court that the only assets remaining were a small amount of cash and a vehicle. He further advised, "[o]ne (1) of the three (3) heirs of the estate has possession of the motor vehicle in question, and will not return the car to the Executor for sale and disbursement of the sale proceeds equally to all of the heirs. That controversy must now be resolved. The Estate can be closed and a final account filed when the heir finally returns the motor vehicle." *Page 3 
 {¶ 5} In a June 17, 2005 status letter, Attorney Eichenberger advised the probate court that there had been "no activity in the Estate since the time of the filling [sic] of the previous account. A controversy continues in the Estate with the heirs concerning the disposition of an automobile, which is in possession of one (1) of the heirs. * * * [I]t appears that a resolution of the conflict cannot be accomplished. Therefore, a replevin action will be filed very shortly in order to recover the automobile." There is no indication in the record that an action for replevin was ever actually filed.
 {¶ 6} On July 1, 2005, the heirs, through separate counsel, filed a document entitled "Application for Instructions and Distribution of Final Proceeds." Therein, the heirs requested a hearing on several matters, including the fiduciary and attorney fees, distributions and payments and "[a]ny and all other matters necessary to conclude the administration of the estate." By entry journalized the same day, the probate court set the matter for hearing on August 18, 2005.
 {¶ 7} On August 18, 2005, the parties presented, and the probate court signed and journalized, an Entry of Partial Settlement and Continuing Hearing for Remaining Issues. This entry stated:
 This case came before the Court on the application Adam R. Rinehart, attorney for the three children, to determine the disposition of personal property and the determination of final attorney and fiduciary fee. The parties have agreed that the automobile shall be distributed to Eric Born based upon the agreement of all of the heirs as represented to the Court by the attorney for all three children. Mr. Eichenberger shall transmit to Mr. Rinehart his final computation of attorney and fiduciary fees within fourteen days of this Entry. The remaining issues are set for trial on October 6, 2005 at 9:30 A.M. *Page 4 
 {¶ 8} The entry did not specify as to what the "remaining issues" were. However, at the October 6, 2005 hearing before a magistrate, it became clear that the heirs' application for instructions was intended, in part, to question the first account. On February 21, 2006, the magistrate filed his decision. Therein, he found, inter alia, that:
 Mr. Eichenberger attempted to serve the heirs with copies of the Inventory and the First Partial Account by Regular First Class U.S. Mail on or around the time that these documents were filed with the Court. Eric Born testified that he did not receive the complete Inventory that was filed with the Court on August 14, 2003 nor the First Partial Account filed on June 14, 2004. There is no proof that any of the heirs actually received the documents that were sent to them.
 {¶ 9} In his Conclusions of Law, the magistrate stated as follows:
 Because the Inventory and the First Partial Account were not served on the heirs by Certified U.S. Mail or in a manner that clearly demonstrates the completion of service, they did not receive proper notice of the filing of these documents. * * * They therefore have the right to file exceptions to these documents. The Application for Instructions filed on the heirs' behalf on July 1, 2005 is being construed as their exceptions to the Inventory and the First Partial Account and will be fully reviewed and resolved by this Magistrate's Decision.
 {¶ 10} Later in his Conclusions of Law, the magistrate explained:
 With respect to Mr. Eichenberger's fees, there is no objection to the payment of a fee except for 3 hours, which are alleged to have been expended by Mr. Eichenberger on legal work that benefited Mr. Gerber alone. A review of his time sheets revealed just the opposite. All of his time billed in this matter related to the administration of this estate and the transfer of assets that were in Mrs. Born's name. Mr. Eichenberger has directly assisted in settling this estate although the number of hours he spent on this matter is questionable considering the assets in this estate and the complexity of this matter. He charged an hourly rate that is reasonable. The legal work he completed benefited this estate and the heirs of this estate. He is entitled to a fee that is reasonable. The payment of said *Page 5 
fees is governed by Superintendence Rule 71, DR 2-106, and Local Rules 71.1, 71.3, and 71.4 * * *.
 {¶ 11} With that, the magistrate found the attorney fees paid under the first account were reasonable, and approved them as debts of the estate. No party filed exceptions to the magistrate's decision, and the trial court later adopted it.
 {¶ 12} On March 30, 2006, Attorney Eichenberger filed a second Application for Fees, requesting additional fees in the amount of $7,813.05. The matter was heard before a magistrate on May 8, 2006. On July 28, 2006, the magistrate rendered a decision. Therein, the magistrate concluded that the matter of attorney fees for the administration of the estate was res judicata because it had been fully litigated and finally determined at the October 6, 2005 hearing. Appellants filed objections to the magistrate's decision, and, following a hearing before the trial court on October 5, 2006, the trial court overruled the objections. The court adopted the magistrate's conclusion that res judicata applied to bar any further request for attorney fees. The court further denied the March 30, 2006 application for attorney fees because it concluded that the amount already paid in attorney fees was reasonable for the entire administration of the estate.
 {¶ 13} Appellants timely appealed and advance three assignments of error for our review, as follows:
 I. THE PROBATE COURT JUDGE AND MAGISTRATE ERRED AS A MATTER OF LAW IN HOLDING THAT THE FIRST MAGISTRATE'S DECISION WAS RES JUDICATA ON THE EXECUTOR'S AND ATTORNEY'S SUBSEQUENT ATTORNEY'S FEE APPLICATION.
 II. THE PROBATE COURT JUDGE AND MAGISTRATE ERRED AS A MATTER OF LAW IN DENYING FURTHER ATTORNEY'S FEES IN THE ESTATE, IN THAT THE DENIAL OF FURTHER FEES WAS UNCONSCIONABLE, *Page 6 
GROSSLY UNFAIR, AN ABUSE OF DISCRETION AND DENIED THE ATTORNEY FOR THE ESTATE COMPENSATION FOR OVER THREE (3) YEARS OF LEGAL WORK IN THE ESTATE.
 III. THE PROBATE JUDGE AND MAGISTRATE ERRED AS A MATTER OF LAW IN DENYING FURTHER ATTORNEY'S FEES IN THE ESTATE, SINCE UNDER OHIO STATUTORY PROBATE LAW AND LOCAL RULES OF THE PROBATE COURT, ATTORNEY'S FEES CAN BE APPLIED FOR AND SUBMITTED FOR THE FINAL ACCOUNTING PERIOD IN AN ESTATE.
 {¶ 14} We will address appellants' assignments of error out of order for ease of discussion. We begin with appellants' second assignment of error. Section 2113.36 of the Ohio Revised Code confers "exclusive original jurisdiction to the probate court to determine the reasonableness of attorney fees." In re Estate of Haller (1996),116 Ohio App.3d 866, 870, 689 N.E.2d 612, citing In re Estate of Love
(1965), 1 Ohio App.2d 571, 577, 30 O.O.2d 595, 206 N.E.2d 39. The statute provides, in pertinent part:
 When an attorney has been employed in the administration of the estate, reasonable attorney fees paid by the executor or administrator shall be allowed as a part of the expenses of administration. The court may at any time during administration fix the amount of such fees and, on application of the executor or administrator or the attorney, shall fix the amount thereof.
 {¶ 15} The Supreme Court of Ohio has held:
 It is well settled that where a court is empowered to award attorney fees by statute, the amount of such fees is within the sound discretion of the trial court. Unless the amount of fees determined is so high or so low as to shock the conscience, an appellate court will not interfere. *Page 7 
Bittner v. Tri-County Toyota, Inc. (1991), 58 Ohio St.3d 143, 146,569 N.E.2d 464, quoting Brooks v. Hurst Buick-Pontiac-Olds-GMC, Inc. (1985),23 Ohio App.3d 85, 91, 23 OBR 150, 491 N.E.2d 345.
 {¶ 16} Accordingly, we will affirm the trial court's judgment absent an abuse of discretion. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." In re Estate ofRing, Franklin App. No. 06AP-801, 2007-Ohio-500, ¶ 9, quotingBlakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 5 OBR 481,450 N.E.2d 1140.
 {¶ 17} "Where * * * a judicial determination is required to fix the amount [of attorney's fees] * * * the determining factor is the reasonable value of the services." In re Estate of Hickok (1953), 159 Ohio St. 282, 284, 50 O.O. 290, 111 N.E.2d 925. "Reasonable attorney fees must be based upon the actual services performed by the attorneys and upon the reasonable value of those services as determined from the evidence which must substantiate the award of fees as being reasonable."Estate of Love, supra, at 578. Attorney fees cannot be awarded against an estate unless the attorney acted to benefit the estate. Hooks v.Owen (1998), 130 Ohio App.3d 38, 719 N.E.2d 581.
 {¶ 18} In the administration of an estate, any fees awarded must be "reasonable both from the standpoint of the attorney rendering the services and from the standpoint of the estate out of which payment is being made." Estate of Haller, supra, at 870, quoting Estate ofLove, supra, at 578. "[T]he attorney seeking fees bears the burden of proving the reasonableness of his or her fees." In re Estate ofCampbell, Mahoning App. No. 04 MA 278, 2005-Ohio-6445, ¶ 18. *Page 8 
 {¶ 19} "The ultimate determination of reasonableness must take into consideration all the factors relating to reasonableness of the fees in the particular case. The facts and circumstances vary so much from case to case that it is impossible to set forth an ironclad rule other than that reasonable value must be substantiated by the evidence in the case." Estate of Haller, supra, at 870, quoting Estate of Love, supra, at 578. To aid in determining reasonableness, the trial court may look to the guidelines set forth in former DR 2-106(B) and to any other factors relevant to the particular circumstances of the case. In reWood (1977), 55 Ohio App.2d 67, 73-74, 9 O.O.3d 225, 379 N.E.2d 256, citing Estate of Love, at 578.
 {¶ 20} Former DR 2-106(B)[1] provided:
Factors to be considered as guides in determining the reasonableness of a fee include the following:
 (1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
 (2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
 (3) The fee customarily charged in the locality for similar legal services.
 (4) The amount involved and the results obtained. *Page 9 
 (5) The time limitations imposed by the client or by the circumstances.
 (6) The nature and length of the professional relationship with the client.
 (7) The experience, reputation, and ability of the lawyer or lawyers performing the services.
 (8) Whether the fee is fixed or contingent.
 {¶ 21} The trial court has a much better vantage point from which to determine the value of services rendered by lawyers who have tried a case before him than does an appellate court. See Bittner, supra, at 146. We have held that "a probate court judge `is qualified to make a determination, upon evidence, of the reasonable attorney fees to be paid from the estate without the necessity of expert testimony.'" Estate ofHaller, supra, at 870, quoting Estate of Love, supra, at 577.
 {¶ 22} In its judgment entry denying the requested additional attorney fees, the probate court stated:
 Mr. Eichenberger mostly argues that he has a legal right to seek attorney's fees for the second accounting period and that it would be unfair and unconscionable to allow the beneficiaries to not pay Mr. Eichenberger for his work in assisting with the administration of the estate. Mr. Eichenberger asserts that he has only been paid for work done during the first accounting period, or though October of 2003, and that, when he requested and took early payment, he believed that most of the estate work was finished. His argument continues that, since that time, he has put many more hours of work into this estate as a direct result of the contentious nature of the beneficiaries. As such, Mr. Eichenberger argues he is now requesting around $9,000 in additional attorney's fees, covering three additional billing periods since the filing of the first account.
 * * * *Page 10 
 While Mr. Eichenberger claims that he took early payment when he believed the estate administration to be almost complete and that his extended work on this estate has been necessitated by the unforeseen contentiousness of the beneficiaries, the Court observes that Mr. Eichenberger created his own confusion, resulting in extra time and work put into this case by all parties involved. Mr. Eichenberger failed to make proper service to the beneficiaries of the inventory and the first account, delaying the estate administration process and precluding the beneficiaries from timely objecting to the inventory or account while Mr. Eichenberger took early payment for his work. Even though Mr. Eichenberger's errors initiated the contention, Mr. Eichenberger requests additional payment for time spent to defend those errors. The objections are not well taken. Superintendence Rule 71(A) and Local Rule 71.1 both refer to DR 2-106 to govern the reasonableness of attorney's fees. Applying DR 2-106 to the facts of this case, the Court finds that the attorney's fees already approved in the Magistrate's first decision, issued February 21, 2006, are appropriate and reasonable for the entire administration of this estate. The Court finds that the Magistrate, in the second decision issued July 28, 2006, was correct in giving deference to the previous Magistrate's decision and Entry Approving Magistrate's Decision and in denying the application for additional fees. (Oct. 6, 2006 Judgment Entry, 2-3.) On that basis, the trial court denied the requested attorney fees.
 {¶ 23} Under the circumstances, the probate court did not abuse its discretion in denying the request for additional attorney fees. The record reflects that the probate court considered the factors enumerated in DR 2-106 and followed the law. Moreover, no evidence was presented that contradicted the probate court's findings that Attorney Eichenberger's own acts and omissions necessitated his extra efforts, and that the fees already paid in the case were reasonable for the administration of the estate. We note that the estate was uncomplicated, with assets totaling roughly $87,000, nearly $75,000 of which were intangible and easily distributable to the heirs. No transfer of real property *Page 11 
was needed because the decedent's real property passed outside of probate through a survivorship deed, and no state estate tax return was necessary. The administration of this estate was not complex and did not raise complicated or novel issues of law. The trial court found that complications surrounding the inventory and first account were occasioned by Attorney Eichenberger's errors. The record contains specific information from which the probate court could determine to what extent Attorney Eichenberger's actions benefited the estate.
 {¶ 24} In light of all of the facts and circumstances, and upon thorough review of the record and the judgment entry, we find the probate court's judgment was not an abuse of discretion and overrule appellants' second assignment of error.
 {¶ 25} In support of appellants' first assignment of error, they argue that the trial court erred in applying the doctrine of res judicata to the March 30, 2006 application for attorney fees. However, because the trial court substantively evaluated the request and determined it to be unreasonable, and because we have already determined that such a determination was not an abuse of discretion, the issue of whether res judicata applied to bar the requested fees is moot. For this reason, we overrule the first assignment of error.
 {¶ 26} Finally, in support of their third assignment of error, appellants argue that the trial court erred in denying the request for additional attorney fees because it is permissible under Ohio law to request attorney fees prior to the filing of the final account. We note that Sup.R. 71(B) provides, "[attorney fees for the administration of estates shall not be paid until the final account is prepared for filing unless otherwise approved by the court upon application and for good cause shown." Accordingly, it is within the probate court's discretion whether attorney fees will be paid prior to the final account. Moreover, *Page 12 
though the trial court, in its judgment entry, chastised Attorney Eichenberger for seeking fees before the estate administration had been concluded and a final account prepared, it did not deny the requested attorney fees on that basis. Rather, it considered the substantive merits of the request and denied the same as being unreasonable, given the circumstances of the case. As we noted hereinbefore, this was not an abuse of discretion. For these reasons, appellants' third assignment of error is overruled.
 {¶ 27} Having overruled all of appellants' assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas, Probate Division.
Judgment affirmed.
BRYANT and KLATT, JJ., concur.
[1] DR 2-106, part of Ohio's former Code of Professional Responsibility, was effective at the time the probate court rendered its judgment in the instant case. Effective February 1, 2007, the Ohio Rules of Professional Conduct superseded the Code of Professional Responsibility. Sup.R. 71(A) provides that attorney fees in all decedents' estates shall be governed by Prof. Cond. Rule 1.5, which contains the same eight reasonableness factors as those contained in former DR 2-106(B). Therefore, the adoption of the Ohio Rules of Professional Conduct has effected no change in the factors to be considered in determining the reasonableness of attorney fees in decedents' estates, and has left unchanged the state of the common law in this area. *Page 1