OPINION
Jesse Maddox ("appellant") appeals the November 3, 2000 judgment entry by the Geauga County Court of Common Pleas, classifying him a sexual predator. For the following reasons, we affirm the decision of the lower court.
In June 1981, appellant, twenty-four (24) years old, was charged with aggravated burglary, aggravated robbery, gross sexual imposition, and two counts of kidnapping. The events leading to appellant's charges occurred on June 5, 1981. The two victims were confronted by several intruders in their home. The victims were tied up. One of the intruders put his hands and fingers on and within the private parts of the female victim. The same man did most of the talking, making numerous threats. The intruders, with guns in their possession, stole property, including a blue 1978 Mercury Marquis, and fled. On June 9, 1981, Cleveland police officers noticed a blue 1978 Mercury Marquis with stolen license tags and gave chase when the automobile sped away after refusing to stop in response to the siren and lights. After chasing the car for approximately twenty blocks, it stopped and its driver, the sole occupant, got out and fled. The officers immediately apprehended and arrested the driver who was later identified as appellant.
A two-day jury trial commenced on October 27, 1981. The jury found appellant guilty of all charges: aggravated burglary, aggravated robbery, two counts of kidnapping, and gross sexual imposition. Appellant was ordered to serve a minimum aggregate period of 15 years to a maximum aggregate period of 105 years for his convictions.[1] The trial court also ordered appellant's sentence to run concurrently with the imposed sentence of the Cuyahoga Court of Common Pleas.[2] A judgment of conviction was filed on October 29, 1981, reflecting the jury verdict and appellant's sentence.
On April 5, 1982, appellant filed a pro se motion for leave to file a delayed appeal from the October 29, 1981 judgment of conviction. This court granted appellant's motion to file a delayed appeal. Subsequently, this court affirmed the decision of the trial court in State v. Maddox
(Mar. 18, 1983), Geauga App. No. 1034, unreported, 1983 Ohio App. LEXIS 12630.
Thereafter, on March 18, 1998, while appellant continued to serve his prison sentences, the trial court filed an order, scheduling a sexual offender classification hearing. The trial court stated that, upon its own motion, appellant was screened by the Ohio Department of Rehabilitation and Correction, which recommended that appellant be adjudicated a sexual predator. The trial court appointed counsel to represent appellant. On September 11, 2000, the state filed a motion to order appellant to undergo a psychological examination and a sexual aggression assessment. The trial court granted the state's motion.
On November 2, 2000, a sexual offender classification hearing was held. Appellant was the sole witness. The state's exhibits and appellant's exhibits were all admitted into evidence by stipulation. Specifically, state's exhibits 1, 2, and 3 included a presentence investigation report that set forth appellant's prior and instant offenses, a supplemental presentence investigation report for the instant offenses, and a sexual aggression assessment evaluation. Appellant's exhibits A through S described his activities and accomplishments while incarcerated, including, among other things, his participation in a sex offender program, completion of a violent offender's program, his attendance at a mandatory AIDS program, passage of the GED program, completion of a bachelor's of arts degree and two associate degrees, completion of a positive attitude class, recognition of his work and dedication to educational service, and completion of a self-defeating behavior class.
A judgment entry was filed on November 3, 2000, classifying appellant a sexual predator. The trial court stated that it balanced the horror of appellant's violent and sexually oriented crime against his fifteen years of institutionalized accomplishments. The trial court added that it considered the factors contained in R.C. 2950.09(B)(2) as well as the evidence and arguments presented.
On January 2, 2001, appellant filed a pro se motion for leave to file a delayed appeal from the trial court's November 3, 2000 judgment entry, classifying him a sexual predator. This court granted appellant's motion on March 9, 2001. Appellant subsequently filed a pro se appellate brief, asserting four assignments of error. Appellant's assignments of error will be set out as each one is reviewed. We begin with appellant's first assignment of error:
 "[1.] [The] trial court abused its discretion in relying on defendant's twenty-year-old conduct as basis of finding the defendant to be a sexual predator."
 In appellant's first assignment of error, appellant contends that the trial court's finding that he was a sexual predator does not demonstrate that there was clear and convincing evidence that he would likely engage in the commission of a future sexually oriented offense. Appellant asserts that the trial court's reliance on his twenty-year old conduct is not sufficient to base a determination that he is a sexual predator.
R.C. 2950.01(E) defines a "sexual predator" as a person who (1) has been convicted of or pled guilty to committing a sexually oriented offense and (2) is likely to engage in the future in one or more sexually oriented offenses (recidivism prong). The determination that an offender is a sexual predator must be supported by clear and convincing evidence. R.C. 2950.09(C)(2)(b); see, also, State v. King (Dec. 29, 2000), Geauga App. No. 99-G-2237, unreported, 2000 Ohio App. LEXIS 6191, at 4. Clear and convincing evidence is that which establishes in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be proven. Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. The clear and convincing standard has been defined as that measure of proof that is more than a preponderance of the evidence, but less than beyond a reasonable doubt of the evidence. Cincinnati BarAssn. v. Massengale (1991), 58 Ohio St.3d 121, 122.
In making the determination as to the second prong of the definition of a sexual predator (the recidivism prong), R.C. 2950.09(B)(2) provides that a trial court must consider all relevant factors including, but not limited to, all of the following:
 "(a) The offender's age; (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses; (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed; (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims; (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting; (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders; (g) Any mental illness or mental disability of the offender; (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse; (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty; (j) Any additional behavioral characteristics that contribute to the offender's conduct."
 Although a trial court must consider the relevant factors set out above, a trial court has discretion in determining what weight, if any, will be assigned to each relevant factor. State v. Thompson (2001), 92 Ohio St.3d 584, syllabus; see, also, King, supra, at 7. A trial court is not required to find the existence of a majority of the factors before it can determine that an offender is a sexual predator; rather, a trial court may find an offender to be a sexual predator even if only one or two of the statutory factors exist. Randall, supra; King, supra. The totality of the relevant circumstances must provide by clear and convincing evidence that the offender is likely to commit a future sexually oriented offense. Id.
In the case sub judice, as to the first prong, appellant was found guilty of gross sexual imposition, a violation of R.C. 2907.05. Such is a "sexually oriented offense" as defined by R.C. 2950.01(D)(1).
As to the second prong, the recidivism prong, in finding clear and convincing evidence that appellant was a sexual predator, the judgment entry provides that the trial court considered the factors of R.C.2950.09(B)(2), as well the evidence and arguments presented. The trial court stated that it balanced the horror of appellant's violent and sexually oriented crime against his fifteen years of institutionalized accomplishments. The trial court set forth the following findings: appellant was 23 years old at the time of the offense; appellant has been in prison for approximately 20 years; appellant has a significant criminal record, including other sexually oriented offenses, i.e., the rape of a sixteen-year-old female; there were multiple victims during the commission of the instant sexually oriented offense; appellant is an alcoholic and drug dependent, although in recovery for the last 15 years; appellant has participated in a sexual offender program; appellant is not mentally ill or disabled; appellant's conduct in this case was part of a demonstrated pattern of sexual abuse; appellant displayed and threatened cruelty in this and other criminal cases; and appellant is not in any formal alcohol/drug recovery program at this time. The trial court further found that, in the last fifteen years, appellant has dedicated his prison life to reinventing himself and appears to be articulate and well educated. The trial court also stated that appellant has attained a remarkable level of physical, mental, and emotional maturity in the face of great adversity and genuinely regrets the "horrific" and "egregious" misconduct of his youth. In setting forth its findings, the trial court listed those factors of R.C. 2950.09(B) that were relevant in its determination.
During the sexual offender classification hearing, appellant testified that the instant convictions, as well as his previous rape conviction of a sixteen-year-old female, involved the use of a firearm, threatening to kill his victims, and tying up his victims. Appellant also stated that he was under the influence of alcohol/drugs at the time of the crimes. Further, although appellant testified that he was no longer a threat to society, he stated that he did not really know what would happen until he was released.
Additionally, state's exhibit 1 and 2 describes appellant's extensive and violent criminal history. State's exhibit 3, the sexual aggression assessment evaluation, concluded that appellant was at a "moderate risk for re-offending." The evaluation stated that there was concern as to appellant's aggression regarding his sexual offenses, specifically the use of a weapon, his verbal threats of harm and death, and tying up his victims. Other concerns included appellant's extensive criminal history, his superficial relationships, and his lack of acknowledgment of his problems with alcohol/drugs. The report indicated that appellant blamed much of his offending behavior on his drug/alcohol use yet he had not made steps towards understanding his addiction through treatment. The report pointed out that appellant had not attended any alcohol/drug programs while in prison except for some AA meetings. The report further stated that appellant's risk of re-offending would increase since he had not made any efforts to continue an offender program and an alcohol/drug program.
Furthermore, in the sexual aggression assessment evaluation, appellant described the circumstances surrounding his sexually oriented offenses. The first was a sixteen-year-old female who he raped when he broke into her home looking for money to support his drug abuse. Appellant stated that another victim was an adult female who he tied up after breaking into her home. Appellant denied penetrating his finger into her vagina; however, appellant later admitted that he did. The report stated that it was unclear if appellant had accepted full responsibility for his actions or if he was telling the therapist what he believed would be viewed as less of a risk for re-offending. Appellant admitted to having a gun during the above incidents and making threats of harm if his victims did not tell him where the money was.
Although it appears that appellant utilized his time in prison constructively and meaningfully, including participation in the Magellan Sex Offender Program, we cannot say that the classification of appellant as a sexual predator is not supported by clear and convincing evidence. It is important to stress that a trial court had discretion to determine what weight, if any, will be assigned to each relevant factor in R.C.2950.09(B)(2). Also, a majority of the factors in R.C. 2950.09(B)(2) do not have to exist in order to classify an individual a sexual predator, nor are the factors limited to those listed in R.C. 2950.09(B)(2). Upon thorough examination of the record, the totality of the relevant circumstances provides, by clear and convincing evidence, that appellant is likely to commit a future sexually oriented offense. Appellant's first assignment of error is without merit.
Next, appellant's second assignment of error provides:
 "[2.] [The] administrative judge's decision to not provide defendant with [a] copy of [the] state's exhibits as part of [the] complete record forwarded to defendant for purposes of appeal was abuse of discretion and denied the defendant due process of law."
 In appellant's second assignment of error, appellant argues that the administrative judge of this court erred in denying his request for a copy of state's exhibits 1, 2, and 3. Appellant adds that the transcript of the proceedings that he received was not complete since it did not contain the exhibits that were admitted into evidence. Appellant avers that the administrative judge had jurisdiction to grant his request. Appellant requests this court to furnish him with a complete transcript, including state's exhibits 1, 2, and 3.
Shortly after this court granted appellant's pro se motion for leave to file a delayed appeal from his sexual predator classification, appellant filed a pro se motion with this court on April 16, 2001, requesting a copy of state's exhibits 1, 2, and 3 so that he could prepare his appeal. In that motion, appellant stated that the clerk of courts sent him a copy of the transcript of the sexual offender classification hearing; however, it did not contain the state's exhibits that were entered into evidence.
On April 30, 2001, this court filed a judgment entry, overruling appellant's motion, stating that appellant was entitled to only one copy of the transcript of the proceedings, which was already filed with this court on April 18, 2001. We noted that, through inadvertent error, appellant was served an additional copy; however, such did not entitle appellant to additional documentation that was part of the transcript, which he did not receive. We added that appellant cited to no authority demonstrating that this court had jurisdiction to grant the relief requested, nor could we find such authority.
Subsequently, on May 14, 2001, appellant filed a pro se motion with this court for reconsideration of this court's April 30, 2001 judgment entry, overruling his request for a copy of state's exhibits 1, 2, and 3. This court denied appellant's motion for reconsideration on May 22, 2001.
Prior to considering the merits of appellant's second assignment of error, there is a preliminary issue that needs to be addressed, pertaining to whether it is appropriate for this court to review the denial of appellant's motion, requesting a copy of state's exhibits 1, 2, and 3. A single judge of this court overruled appellant's motion.
App.R. 15 provides, in part:
 "(C) Power of a single judge to entertain motions. In addition to the authority expressly conferred by these rules or by law, and unless otherwise provided by rule or law, a single judge of a court of appeals may entertain and may grant or deny any request for relief, which under these rules may properly be sought by motion, except that a single judge may not dismiss or otherwise determine an appeal or other proceeding, and except that a court of appeals may provide by order or rule that any motion or class of motions must be acted upon by the court. The action of a single judge may be reviewed by the court." (Emphasis added.)
 Clearly, pursuant to App.R. 15(C), we may address the merits of appellant's second assignment of error.
An indigent criminal appellant is entitled to one free copy of a transcript at the state's expense when an appeal or post-conviction action is pending. State ex rel. Murr v. Thierry (1987), 34 Ohio St.3d 45,45-46. However, a criminal appellant is not entitled to a second copy of a transcript at the state's expense. The Supreme Court of Ohio held that the state is not required to provide an indigent defendant a copy of a transcript in addition to the one to be filed with the court of appeals.State ex rel. Vitoratos v. Walsh (1962), 173 Ohio St. 467, 468. More recently, the Supreme Court of Ohio again held that the clerk of courts is under no duty to provide an indigent defendant with a copy of a trial transcript in addition to the copy filed with the court of appeals. Stateex rel. Greene v. Enright (1992), 63 Ohio St.3d 729, 732, writ of certiorari denied, Greene v. Enright (1992), 506 U.S. 1025; see, also,Dunning v. Cleary (Jan. 11, 2001), Cuyahoga App. No. 78763, unreported, 2001 Ohio App. LEXIS 79, at 6; State ex rel. Conway v. WilloughbyMunicipal Court (Oct. 31, 1997), Lake App. No. 97-L-062, unreported, 1997 Ohio App. LEXIS 4850, at 5-6; Whitsell v. Ashtabula County Court ofCommon Pleas (June 30, 1993), Ashtabula App. No. 93-A-1793, unreported, 1993 Ohio App. LEXIS 3349, at 3-4. Clearly, the duty to provide a transcript at the state's expense extends only to providing one free transcript for the entire judicial system, not to sending an additional transcript to an indigent defendant in prison.
Furthermore, pursuant to R.C. 149.43(B)(1), all public records are available for inspection to any person during regular business hours in which copies can be made at cost. Also, upon request, copies of public records may be mailed at cost. R.C. 149.43(B)(3). An incarcerated individual may designate a person to obtain public records on his behalf. State ex rel. Nelson v. Fuerst (1995), 101 Ohio App.3d 625.
In the case before us, a complete copy of the transcript of the sexual offender classification hearing and the exhibits were forwarded to this court without charge to appellant. The clerk of courts filed the transcript and exhibits on April 18, 2001. The record also contains a notice that was sent to appellant at the state correctional institution from the clerk of courts, informing him that the transcript and exhibits were filed with the court of appeals. Clearly, the second copy of the transcript of the hearing, without the exhibits, that was forwarded to appellant at the state correctional institution, was merely a courtesy and not required by law. Appellant's request that an additional copy of state's exhibits 1, 2, and 3 be sent to him in prison is not mandated by law. Appellant's second assignment of error is without merit.
Appellant's third and fourth assignments of error assert:
 "[3.] The trial court improperly considered the state's exhibits 1, 2, 3, during its consideration of whether the defendant was to be adjudged a sexual predator.
 "[4.] Appellant was denied the effective assistance of counsel when counsel failed to contest the admission of state's exhibits 1, 2, 3, as a violation of the appellant's Fifth Amendment guarantees under the United States Constitution."
 In appellant's third and fourth assignments of error, appellant states that he is not able to argue the issues without state's exhibits 1, 2, and 3.
Pursuant to App.R. 12(A)(2), an appellate court may disregard an assignment of error if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment of error separately in the brief. An appellant is required to include in his appellate brief an argument containing his contentions with respect to each assignment of error and the reasons in support of those contentions with citations to authorities, statutes, and parts of the record that he relies upon. App.R. 16(A)(7). Appellant has clearly not followed the appellate procedural rules as to his third and fourth assignments of error. As we stated in appellant's second assignment of error, appellant's request that an additional copy of state's exhibits 1, 2, and 3 be sent to him in prison was not mandated by law. Appellant's third and fourth assignments of error are overruled.
Based on the foregoing analysis, appellant's four assignments of error are without merit. The November 3, 2000 judgment entry by the Geauga County Court of Common Plea, classifying appellant a sexual predator, is hereby affirmed.
FORD, P.J., CHRISTLEY, J., concur.
[1] Specifically, appellant was sentenced to a period of 7 to 25 years for the aggravated burglary conviction, a period of 7 to 25 years for the aggravated robbery conviction, a period of 7 to 25 years on each kidnapping conviction, and a period of 2 to 5 years for the gross sexual imposition conviction. The sentences were ordered to run consecutive to one another.
[2] Around the same time as the instant case, in the Cuyahoga Court of Common Pleas, a jury found appellant guilty of two counts of aggravated burglary, seven counts of aggravated robbery, five counts of kidnapping, felonious assault, and two counts of rape. The rape conviction involved a 16-year-old female. Appellant was also convicted of receiving stolen property. The record is not clear as to appellant's sentence for his convictions in the Cuyahoga Court of Common Pleas.