**In re ESTATE OF KENDALL.**

[Cite as *In re Estate of Kendall,* 171 Ohio App.3d 109, 2007-Ohio-1672.]

Court of Appeals of Ohio,
Second District, Montgomery County.

Nos. 21676 and 21695.

Decided April 6, 2007.

110

Carol J. Holm, pro se.

Ronald J. Denicola, pro se.

Cowan & Hilgeman and Christopher F. Cowan, guardian ad litem.

FAIN, Judge.

{¶ 1} Attorneys Carol Holm and Ronald Denicola appeal from orders of the Montgomery County Common Pleas Court, Probate Division, that denied, in part, their respective requests for attorney fees for work performed on an estate matter. Both attorneys contend that the trial court abused its discretion by failing to award them the full amount of fees requested.

{¶ 2} We conclude that the trial court did not abuse its discretion with regard to the fee awarded to Holm. However, the trial court did abuse its discretion to the extent that it denied Holm the right to collect on any charges not yet incurred.

{¶ 3} We conclude that the trial court abused its discretion in determining the appropriate fee award for Denicola. Accordingly, the orders of the trial court from which this appeal is taken are affirmed in part and reversed in part, and this cause is remanded for further proceedings.

I

{¶ 4} Leona Kendall died testate on April 1, 2003. Attorney Ronald Denicola was hired by Charles Kendall, a son of the decedent, to represent the estate. A will was admitted to probate in the Hamilton County Probate Court, and Charles Kendall was appointed executor of the will. Thereafter, on March 26, 2004, a later will was admitted to the Montgomery County Probate Court, and Lois Gwin was appointed to act as executor of the estate. Holm was retained as attorney for the estate in Montgomery County. On May 5, 2004, the Hamilton County Probate Court terminated the action in Hamilton County.

{¶ 5} Of relevance to this appeal, in September 2005, Gwin filed applications requesting approval of attorney fees for both Denicola and Holm. The applications sought attorney fees in the sum of $4,518.52 for Denicola and $15,000 for Holm. At a hearing on her fee, Holm presented the testimony of an attorney, Konrad Kuczak, who opined that Holm's fee was reasonable and necessary.

{¶ 6} Following the hearing, the magistrate found that after the date the case was terminated in Hamilton County, Denicola continued to keep time records for "various kinds of work he completed at the request of the executor and Attorney Carol Holm." The magistrate further found that the work performed by Denicola was "useful to the estate." However, the magistrate found that the work Denicola performed could have been "more economically performed either

by the fiduciary or by Attorney Holm or a secretary or paralegal in Attorney Holm's office." Thus, the magistrate awarded the sum of $1,062.27 to Denicola as fees.

{¶ 7} With regard to Holm, the magistrate found that the expert was not credible. The magistrate further found that Holm had been required to file amended pleadings in order to correct errors in her work on the estate. The magistrate also noted that the court issued three citations for failure to complete forms in a timely manner. The magistrate found that Holm was not entitled to $15,000 in fees, but awarded her the reduced sum of $5,500 as attorney fees.

{¶ 8} Holm and Denicola filed objections to the magistrate's decision. The trial court overruled these objections and entered an order adopting the magistrate's decision. Both Holm and Denicola filed appeals from the denial of their fee requests. The appeals have been consolidated.

## II

{¶ 9} Holm's first, second, third, fourth, and sixth assignments of error all challenge the order of the trial court as being against the weight of the evidence:

{¶ 10} "The trial court erred in refusing to honor the attorney fee application of Holm, making a judgment against the manifest weight of evidence, and this amounted to an abuse of the court's discretion.

{¶ 11} "The trial court erred in asserting that the magistrate had correctly reviewed the case in light of the Code of Professional Responsibility, DR–2 106(b). The magistrate made no reference to DR 2–106. Correct findings of fact would not support the court's assertion.

{¶ 12} "The trial court abused its discretion in rejecting the explanations of counsel on difficulties of filing documents and instead imposed draconian penalties on counsel.

{¶ 13} "The trial court erred in calculating attorney fees based upon percentages.

{¶ 14} "The trial court erred in giving no credibility to expert witness testimony, and the court's finding was contrary to the manifest weight of the evidence."

{¶ 15} Holm contends that the order of the trial court is not supported by the evidence. Specifically, she argues that the trial court erred by using a percentage calculation in setting her fee and by failing to find credible the testimony of her expert. She further argues that the trial court incorrectly found that the magistrate considered the Code of Professional Responsibility in determining whether her fees were reasonable. Finally, she argues that the evidence refutes the trial court's finding that her fees were not reasonable.

{¶ 16} The issue of attorney fees in probate proceedings is addressed in R.C. 2113.36, which states: "When an attorney has been employed in the administration of the estate, reasonable attorney fees paid by the executor or administrator shall be allowed as a part of the expenses of administration. The court may at any time during administration fix the amount of such fees and, on application of the executor or administrator or the attorney, shall fix the amount thereof."

{¶ 17} "Reasonable attorney fees must be based upon the actual services performed by the attorneys and upon the reasonable value of those services as determined from the evidence which must substantiate the award of fees as being reasonable." *Watters v. Love* (1965), 1 Ohio App.2d 571, 578, 30 O.O.2d 595, 206 N.E.2d 39. Pursuant to Sup.R. 71, when determining the reasonableness of attorney fees, a trial court must consider the factors set out in DR 2–106 of the Code of Professional Responsibility. Those factors are time and labor involved; novelty and difficulty of the issues; professional skill required; inability to accept other cases; fee customarily charged; amount at stake and results obtained; time limitations; nature of client relationship; experience, reputation and ability of attorney; and whether the fee is fixed or contingent.

{¶ 18} We begin with Holm's claim that the order of the trial court is erroneous because the trial court incorrectly found that the magistrate followed the guidelines of the Code of Professional Responsibility in setting the amount of her fee. Holm's claim is based upon the following sentence: "The Magistrate correctly reviewed this case in light of the factors in the Ohio Code of Professional Responsibility." Holm notes, correctly, that the magistrate's decision did not make reference to the Code or DR 2–106 and did not affirmatively cite the factors contained therein.

{¶ 19} We find that this argument lacks merit. First, the trial court was not claiming that the magistrate had cited the Code in his decision. Instead, the trial court was merely explaining that after it had reviewed the magistrate's decision, it determined that the magistrate's decision was in accord with the provisions of the Code. Indeed, the order of the trial court continues on, after the aforementioned sentence, by explaining why the Code supported the magistrate's decision. Second, we note that the magistrate's decision, while not explicitly citing the Code provisions, does make reference to them. For instance, with regard to the novelty and difficulty of the case, the magistrate stated that the "estate did have some unique problems," which the magistrate duly noted. The magistrate also reviewed the time and labor involved—his decision made specific references to the different tasks performed by Holm. The magistrate also considered the professional skill required for the administration of the estate and noted that quite a bit of the work performed was routine probate work and that Holm had to do additional work in order to correct errors in her filings. Finally, the

magistrate stated that he had issued three citations due to the failure to timely complete filings. Based upon this record, we reject this claim of error.

{¶ 20} We next address Holm's argument that the trial court erred because it calculated her fees based upon percentages. In support, she cites the following passage from the trial court's decision: "Further, the estate is valued at less than $110,000 with the bulk consisting of one piece of real estate. If the requested attorney fees were granted, then nearly 13% of the estate would go to Holm."

{¶ 21} We do not read this to support the claim that the trial court improperly based Holm's fee on a percentage calculation. Instead, after again reading the entire order, we note that the trial court mentioned this figure in relation to its discussion of the Code of Professional Responsibility. Further, the trial court noted that "due to Holm's errors the case became more complicated than necessary." Thus, it appears that the purpose of the above-cited passage was to compare the size of the estate to the results of Holm's performance as it related to the determination of whether her fees were reasonable and necessary. Therefore, we find no error with regard to this issue.

{¶ 22} Holm also contends that the trial court erred by "giving no credibility to" the testimony provided by her expert witness, Konrad Kuczak. Holm correctly notes that Kuczak testified that her fees were reasonable and necessary. However, we note that Kuczak also testified that he is not an expert with regard to probate cases. He further testified that he did not perform an "audit of the bill against the work product," and thus, he was unable to answer questions with regard to specific portions of Holm's bill. Indeed, Kuczak testified that the bill "just seemed reasonable comparative to the work product that I observed."

{¶ 23} The trial court is in the best position to weigh the credibility of the proffered testimony; thus, an appellate court is guided by the presumption that the findings of the trier of fact are correct. *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 10 OBR 408, 461 N.E.2d 1273. As the trier of fact, the probate judge observes the witnesses and their demeanor, gestures, and voice inflections, making the judge the best judge of credibility. Id.

{¶ 24} After reviewing the transcript, we cannot say that the magistrate or the trial court erred by failing to credit Kuczak's testimony.

{¶ 25} Next, we address the issue of whether the decision of the magistrate and the order of the trial court are supported by the evidence. The payment of reasonable attorney fees lies within the probate court's sound discretion. *In re Estate of Fugate* (1993), 86 Ohio App.3d 293, 298, 620 N.E.2d 966. Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being

against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus.

{¶ 26} In this case, although there were numerous beneficiaries of the estate, there were few assets. There is no evidence that the matter was complex or presented novel issues of law. Further, although Holm filed "numerous motions, applications, accounts, and reports," the court noted that "in many instances amended pleadings were required due to errors in Holm's initial pleadings." Thus, the trial court found that "due to Holm's errors the case became more complicated than necessary." Further, the court issued three citations due to the failure to file documents in a timely fashion. The trial court also considered the requested fee to be unreasonable in light of the size of the estate. Finally, the trial court noted that Holm had removed more than $5,000 from the estate to her account without prior approval of the court, despite the fact that Sup.R. 71(B) provides that "attorney fees for the administration of estates shall not be paid until the final account is prepared for filing unless otherwise approved by the court upon application and for good cause shown." All of these factors combined compelled the magistrate and trial court to conclude that Holm's requested fee was not reasonable.

{¶ 27} We cannot say, after reviewing the record, that the trial court abused its discretion with regard to the amount of fees awarded to Holm in this case. Accordingly, Holm's first, second, third, fourth, and sixth assignments of error are overruled.

### III

{¶ 28} Holm's fifth assignment of error provides:

{¶ 29} "The trial court abused its discretion when it reduced attorney fees for which no application had yet been made nor yet awarded, and further denied any future attorney fees from September 28, 2005, regardless of the work required beyond that date."

{¶ 30} Holm contends that the trial court erred when it ruled that she would not be awarded any fees for work done on the estate subsequent to its decision regarding the September 29, 2005 request for $15,000 in fees.

{¶ 31} We note that in its decision, the trial court stated that Holm "is awarded $5,500.00 for attorney's fees for services rendered and to be rendered in this case." Thus, Holm correctly asserts that the trial court's decision prevents her from filing a request for fees for any work performed after the original request.

{¶ 32} If Holm has rendered services to the estate since the date of her request for fees, the trial court is obligated to review any request for fees for

such services to determine whether they are reasonable. To conclude summarily that no further fees will be considered, without first determining whether they are reasonable and necessary, is premature and constitutes an abuse of discretion. Thus, to the extent that this assignment of error involves the issue of fees incurred after the date of the September 29, 2005 request for fees, it is sustained.

## IV

{¶ 33} Denicola's first and second assignments of error state as follows:

{¶ 34} "The court below erred in reducing the fees of Denicola which reduction was an abuse of its discretion.

{¶ 35} "The court below erred in failing to find the fees of Denicola represent a claim of a creditor against the estate."

{¶ 36} Denicola contends that the trial court erred by failing to award him the full amount of his fees. Alternatively, he contends that any fees charged after the date of the termination of the action in Hamilton County must be treated as the claims of a creditor against the estate.

{¶ 37} We begin by noting that according to his itemized bill, Denicola charged fees of $3,850 for his services performed while attorney for the estate in Hamilton County. Thereafter, he charged $1,137.50 for work performed at the behest of the executor and Holm. The total fee charged was $4,987. While the magistrate opined that the work performed by Denicola was "useful" to the estate, the magistrate approved only $1,062.27 of the total charges. The magistrate's decision appears to be based entirely upon a finding that Denicola had been paid prior to approval of the charges and upon a finding that the work performed after the termination date could have been "more economically performed either by the fiduciary or by Attorney Holm or a secretary or paralegal in Attorney Holm's office." The trial court merely reiterated these findings by the magistrate.

{¶ 38} We conclude that the trial court abused its discretion with regard to Denicola's claims. First, it is clear that Denicola's claims were effectively divided into two categories by the magistrate: the portion charged for work performed as the attorney for the estate, and the portion charged thereafter. With regard to the first portion, the trial court must utilize the provisions of R.C. 2113.36 in determining whether the fees should be paid. We cannot say that either the trial court or the magistrate did so. Furthermore, it appears that the magistrate and the trial court did not even consider the charges for the period prior to the termination of the Hamilton County action. Instead, it appears that they focused solely on the fees charged thereafter.

{¶ 39} With regard to the charges incurred after the termination of the Hamilton County action, we note that the magistrate concluded that Denicola was

not the attorney for the estate. However, the trial court mentioned the provisions of R.C. 2113.36 as controlling with regard to that portion of the fee request.

{¶ 40} We conclude that Denicola's work was performed while acting as an attorney for the estate or while acting at the request of the executor, of Holm, or of both. Even though he was not the attorney of record for the estate after the date of the Hamilton County termination, he was essentially acting as the attorney for the estate. Thus, we further conclude that all of his work can be considered as that of an attorney for the estate, regardless of when it was performed. The trial court, therefore, must consider his entire fee request in light of the provisions of R.C. 2113.36 and the Code of Professional Responsibility. This the trial court did not do. Therefore, we conclude that the trial court abused its discretion. This cause will be remanded to the trial court for a redetermination of the fee request in light of the provisions of the Code. The trial court need not hold a new hearing.

{¶ 41} Denicola's first assignment of error is sustained, and his second assignment of error is overruled.

V

{¶ 42} The order of the trial court from which this appeal is taken is affirmed in part and reversed in part, and this cause is remanded for further proceedings in accordance with this opinion.

Judgment affirmed in part<br>and reversed in part,<br>and cause remanded.

BROGAN and GRADY, JJ., concur.