[Cite as *In re Burton*, 2016-Ohio-2683.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

IN THE MATTER OF: THE ESTATE     :
OF RICHARD L. BURTON            CASE NO. CA2015-12-110

                               :

                               :         O P I N I O N
                                         4/25/2016

                               :

                               :

APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
PROBATE DIVISION
Case No. 20151093

Jane A. Short, 42 East Silver Street, Lebanon, Ohio 45036, for appellee, Estate of Richard L. Burton

Gerald Burton, 403 McKinley Street, Middletown, Ohio 45044, appellant, pro se

**S. POWELL, J.**

{¶ 1} Appellant, Gerald Burton, appeals from a decision of the Warren County Court of Common Pleas, Probate Division, in a case involving the administration of the estate of Richard L. Burton, Sr., his father. For the reasons outlined below, we affirm.

{¶ 2} Richard Sr., the biological father of Gerald Burton, Cyndi Burton, Richard Burton, Jr., Carla Burton, and Nancy Burton, died intestate on December 22, 2014. Thereafter, on February 19, 2015, the probate court appointed Angela Fugate aka Burton, who had married Richard Sr. on April 12, 1987, as the administrator of Richard Sr.'s estate.

Approximately one month later, on March 23, 2015, the above named descendants of Richard Sr. filed a motion seeking to remove Angela as the administrator of their father's estate. However, after holding a hearing on the matter, the probate court denied their motion upon finding "the testimony lacks any credible evidence" that would necessitate Angela's removal as the administrator of Richard Sr.'s estate.

{¶ 3} Gerald, Richard Sr.'s eldest son, now appeals from the probate court's decision, raising three assignments of error for review.

{¶ 4} Assignment of Error No. 1:

{¶ 5} THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO REMOVE ADMINISTRATOR AND FIDUCIARY.

{¶ 6} In his first assignment of error, Gerald argues the probate court erred by not removing Angela as the administrator of his father's estate. We disagree.

{¶ 7} The administrator of a decedent's estate is a fiduciary. *Hoppes v. Hoppes*, 12th Dist. Fayette No. CA2013-03-006, 2014-Ohio-447, ¶ 36. R.C. 2109.24 and 2113.18 provide the statutory basis for removing a fiduciary. *Estate of Everhart v. Everhart*, 12th Dist. Fayette Nos. CA2013-07-019 and CA2013-09-026, 2014-Ohio-2476, ¶ 52. Pursuant to R.C. 2109.24, "[t]he court may remove any fiduciary * * * for habitual drunkenness, neglect of duty, incompetency, or fraudulent conduct, because the interest of the property, testamentary trust, or estate that the fiduciary is responsible for administering demands it, or for any other cause authorized by law." In addition, under R.C. 2113.18(A), "the probate court may remove any executor or administrator if there are unsettled claims existing between the executor or administrator and the estate that the court thinks may be the subject of controversy or litigation between the executor or administrator and the estate or persons interested in the estate." The removal of a fiduciary rests within the probate court's sound discretion that should be determined on a case-by-case basis. *In re Estate of Perry*, 12th Dist. Butler No.

CA2007-03-061, 2008-Ohio-351, ¶ 31.

{¶ 8} Gerald argues the probate court erred by not removing Angela as the administrator of his father's estate since there was evidence presented at the hearing indicating Angela had failed her duties and otherwise engaged in fraudulent and criminal acts.[1] The probate court, however, found the testimony regarding these allegations lacked credibility. As the trier of fact, the probate court observes the witnesses and their demeanor, gestures, and voice inflections, making it the best judge of credibility. *In re Estate of Kendall*, 171 Ohio App.3d 109, 2007-Ohio-1672, ¶ 23 (2d Dist.). "[A] finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not." *Seasons Coal Co. v. City of Cleveland*, 10 Ohio St.3d 77, 81 (1984). Therefore, Gerald's first assignment of error is overruled.

{¶ 9} Assignment of Error No. 2:

{¶ 10} THE TRIAL COURT ERRED BY DENYING APPELLANTS (sic) OBJECTION TO THE MARRIAGE OF RICHARD L. BURTON SR. AND ANGELA FUGATE AKA, BURTON.

{¶ 11} In his second assignment of error, Gerald argues the probate court erred by finding his father was married to Angela at the time of his death. In support of this claim, Gerald argues the marriage between Richard Sr. and Angela that occurred on April 12, 1987 was invalid since the Ohio Secretary of State does not have any record indicating the officiant who performed the wedding, Reverend Noah G. Robinson, was licensed to solemnize marriages in accordance with the Ohio Revised Code. However, although being instructed

---

1. During oral argument before this court, Gerald raised a series of other arguments as to why the probate court erred by not removing Angela as administrator of his father's estate. However, "an issue raised during oral argument for the first time and not assigned as error in an appellate brief is waived." *Andreyko v. Cincinnati*, 153 Ohio App.3d 108, 2003-Ohio-2759, ¶ 20, citing *Watkins v. Dept. of Human Serv.* 10th Dist. Franklin No. 00AP-224, 2000 WL 1617765 (Oct. 31, 2000); *Simmons v. Budde*, 10th Dist. Franklin No. 14AP-846, 2015-Ohio-3780 (parties may not advance new arguments during oral argument).

several times, Gerald continues to ignore the fact that prior to June 4, 1976, Ohio General Code section 11183 allowed ministers who wished to solemnize marriages to register directly with the "probate judge of any county within this state in which he officiates[.]" The record is devoid of any evidence indicating that had not occurred here.

{¶ 12} Moreover, even if there was some evidence to indicate the marriage between Richard Sr. and Angela was solemnized by an individual who was not properly licensed in Ohio, that would merely render the marriage voidable, not void. *See, e.g., Dodrill v. Dodrill*, 4th Dist. Vinton Nos. 03CA578 and 03CA580, 2004-Ohio-2225, ¶ 20 (finding marriage voidable where the officiant did not possess all of the requisite licenses necessary to solemnize a marriage under Ohio law). "A voidable marriage is valid when entered and remains valid until either party secures a lawful court order dissolving the marital relationship." *Darling v. Darling*, 44 Ohio App.2d 5, 7 (8th Dist.1975). By contrast, "a void marriage is invalid from its inception, and the parties thereto may simply separate without benefit of a court order of divorce or annulment." *Id.* Therefore, because the marriage between Richard Sr. and Angela was, at worst, merely voidable, and because the record is devoid of any evidence that either party ever secured a lawful court order dissolving the marriage, the probate court did not err by finding Richard Sr. was married to Angela at the time of his death. Accordingly, Gerald's second assignment of error is overruled.

{¶ 13} Assignment of Error No. 3:

{¶ 14} THE TRIAL COURT ERRED IN ITS CONCLUSION DENYING THE COMMON LAW MARRIAGE BETWEEN RICHARD L. BURTON SR. AND MARSHA BURTON PER ORC 3105.12 COMMON LAW MARRIAGE.

{¶ 15} In his third assignment of error, Gerald argues the probate court erred by finding his father had not entered into a valid common-law marriage with Marsha Burton, his biological mother. We disagree.

- 4 -

{¶ 16} A common-law marriage is the "joinder of a man and a woman as husband and wife without having first observed the formalities of licensure papers or ceremony." *Keefe v. Doornweerd*, 9th Dist. Summit No. 26377, 2013-Ohio-250, ¶ 11. Pursuant to R.C. 3105.12(B)(1), Ohio has prohibited the creation of common-law marriages occurring on or after October 10, 1991. However, under R.C. 3105.12(B)(2), common-law marriages established prior to that date remain valid unless terminated by death, divorce, dissolution of marriage, or annulment. A common-law marriage is established when the following elements are proven: (1) an agreement of marriage in praesenti; (2) cohabitation as husband and wife; and (3) a holding out by the parties to those with whom they normally come into contact, resulting in a reputation as a married couple in the community. *Polly v. Coffey*, 12th Dist. Clermont No. CA2002-06-047, 2003-Ohio-509, ¶ 33, citing *State v. DePew*, 38 Ohio St.3d 275, 279 (1988); *Nestor v. Nestor*, 15 Ohio St.3d 143, 145-146 (1984). The party seeking to establish the existence of a common-law marriage must prove each element by clear and convincing evidence. *Brooks v. Brooks*, 12th Dist. Warren No. CA2000-08-079, 2001 WL 433376, *2 (Apr. 30, 2001).

{¶ 17} Just like the probate court before us, we find the issue of whether Richard Sr. had entered into a common-law marriage with Marsha was barred by the doctrine of res judicata since that issue had already been conclusively determined by the Warren County Court of Common Pleas, Domestic Relations Division, in *Marsha Burton v. Richard Burton, Sr.*, Warren C.P. No. 10202. In that case, the domestic relations court specifically found Richard Sr. and Marsha had not entered into a common-law marriage prior to Marsha filing for divorce, thereby dismissing her complaint for divorce with prejudice. The domestic relations court's decision was issued on January 12, 1987, with a final judgment entry issued on March 10, 1987, a mere 33 days before Richard Sr. married Angela on April 12, 1987. As noted above, the marriage between Richard Sr. and Angela was, at worst, a voidable

marriage that had not been dissolved by a lawful court order prior to Richard Sr.'s death, thereby rendering any alleged common-law marriage that Richard Sr. and Marsha may have entered into after that date polygamous and void. *See, e.g., Rihan v. Rihan*, 2d Dist. Greene No. 2005 CA 2013, 2006-Ohio-2671, ¶ 26 (marriage deemed polygamous and void); *Mazzolini v. Mazzolini*, 168 Ohio St. 357, 358 (1958) (polygamous marriages are void). Therefore, Gerald's third assignment of error is overruled.

**{¶ 18}** Judgment affirmed.

M. POWELL, P.J., and RINGLAND, J., concur.